UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| Gloria Arnetta Bunch,<br><br>Plaintiff,<br><br>v.<br><br>Denzil P. Marshall, *Attorney*; Luther Sutter, *PLLC, Attorney*; Lucien R. Gillham, *Attorney*; Mel Sayes, *Attorney, Matthews Sanders & Sayes*; Dylan H. Potts, *Attorney*; Joann Maxey, *General Counsel at UAMS System*; William Cash, Jr., *Attorney and Director of EEOC*; and Stark Ligon, *Former Executive Director of Office of Professional Conduct, Attorney*,<br><br>Defendants. | Case No. 4:21-cv-0431 (WMW)<br><br>**ORDER** |

This matter is before the Court on review of Plaintiff Gloria Arnetta Bunch's application to proceed *in forma pauperis* (IFP) in this proceeding. (Dkt. 1.) In reviewing the IFP application, the Court also has examined Bunch's complaint. After reviewing those documents, the Court concludes that Bunch qualifies financially for IFP status but that the Court lacks jurisdiction over some of Bunch's claims and Bunch's remaining claims are frivolous. Accordingly, for the reasons addressed below, the IFP application is granted and this action is dismissed without prejudice.

As an initial matter, many of the claims and much of the relief sought by Bunch in this proceeding are criminal in nature. For example, Bunch alleges that Defendants obstructed justice, committed perjury and engaged in other violations of criminal law. To

the extent that Bunch is petitioning the Court for criminal prosecution of Defendants, she lacks standing to bring such claims. "It is well established that standing is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007); *cf.* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Also "well-established" is that "criminal statutes are public in nature, prosecuted in the name of the United States to protect society's interest in security, fairness and freedom." *Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1060–61 (D. Minn. 2009). Because the authority to prosecute alleged violations of federal criminal statutes has been reserved exclusively to the United States, "[p]rivate citizens . . . do not have standing to enforce criminal statutes or have them enforced." *Id.* at 1061 (collecting cases). This Court lacks jurisdiction over any request by Bunch for the criminal prosecution of Defendants, and any such request must be dismissed without prejudice on that basis for lack of subject-matter jurisdiction. *See Clarkson Valley*, 495 F.3d at 569.

Not all of Bunch's requests for relief are brought pursuant to federal criminal statutes, however. Bunch also seeks monetary relief under federal workplace discrimination statutes and alludes to "violat[ions]" of her "civil rights," which could be construed as a reference to 42 U.S.C. § 1983. Bunch has standing to seek relief under discrimination and civil-rights statutes, and the Court has jurisdiction to consider such claims when brought pursuant to federal law. *See* 28 U.S.C. § 1331.[1]

---

[1] Section 1331 does not provide a basis for original jurisdiction over Bunch's state-law claims, however. And because Bunch does not allege that the parties are of diverse

Federal law, however, "authorizes federal courts to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (internal quotation marks omitted); *accord* 28 U.S.C. § 1915(e)(2)(B)(i); *see also Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) (observing that 28 U.S.C. § 1915 "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"). A complaint is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325.

Factual allegations in a pleading generally are entitled to a presumption of truth, but "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Bunch's complaint includes nothing beyond conclusory labels; indeed, it is impossible for the Court to discern what events or occurrences this litigation pertains to. And nothing remains of the complaint after these conclusory allegations are excluded. As such, there is no arguable basis in the complaint from which the Court can conclude that any of the Defendants violated any provision of federal law. This action, as pleaded, is frivolous as a matter of law.

For these reasons, Bunch's complaint is dismissed without prejudice.

---

citizenship, 28 U.S.C. § 1332(a) also cannot provide a basis for original jurisdiction over Bunch's state-law claims. Moreover, the United States Court of Appeals for the Eighth Circuit has instructed district courts not to exercise supplemental jurisdiction over state-law claims when, as here, all federal-law claims are dismissed before trial. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726–27 (8th Cir. 2008).

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Plaintiff Gloria Arnetta Bunch's application to proceed *in forma pauperis*, (Dkt. 1), is **GRANTED**.

2. This matter is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 3, 2021                                      s/Wilhelmina M. Wright
                                                            Wilhelmina M. Wright
                                                            United States District Judge